UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CHAPIN HOME FOR THE AGING,

                Plaintiff,

  -against-                    **MEMORANDUM AND ORDER**
                                     11-CV-00667 (FB) (RER)
CHERYLL MCKIMM,

                Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                     *For the Defendant:*
JOSEPH P. GARLAND, ESQ.          GREGORY R. PRESTON, ESQ.
2926 Avenue L                             3000 Hempstead Tpke., Suite 317
Brooklyn, NY 11210                    Levittown, NY 11756

**BLOCK, Senior District Judge:**

      Plaintiff Chapin Home for the Aging ("Chapin") brings this action against Defendant Cheryll McKimm ("McKimm") seeking compensation for nursing home services. Chapin has three remaining state law claims against McKimm for fraud, tortious interference with contract and breach of contract. McKimm now moves to dismiss these claims on the basis of her bankruptcy discharge. For the reasons that follow, McKimm's motion is granted in part and denied in part.[1]

**I.**

      Chapin brought this action on February 10, 2011. On July 27, 2013, McKimm

---

[1] Chapin does not dispute that its breach of contract claim was discharged by McKimm's bankruptcy. Accordingly, that claim is dismissed and this opinion focuses solely on Chapin's fraud and tortious interference with contract claims (the "intentional tort claims").

filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the District of Kansas. McKimm neither listed Chapin on her schedule of debts nor provided Chapin with notice of her bankruptcy action. On October 28, 2013, the bankruptcy court issued an order discharging McKimm's bankruptcy. McKimm's lawyer first notified Chapin of the bankruptcy discharge on December 4, 2014. That same day, the Court instructed the parties to brief the issue of whether the bankruptcy discharge order disposed of Chapin's remaining claims against McKimm.

## II.

McKimm contends that this Court lacks jurisdiction to determine whether Chapin's intentional tort claims were discharged by her bankruptcy. The Court disagrees. Generally, Chapter 7 bankruptcy "discharges the debtor from all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). Exceptions to this general rule are outlined in § 523 of the Code. They include debts "obtained by false pretenses, a false representation or actual fraud," 11 U.S.C. § 523(a)(2)(A), and debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Bankruptcy courts have exclusive jurisdiction over questions of dischargeability arising under §§ 523(a)(2)(A) and (a)(6). *See* 11 U.S.C. § 523(c)(1) ("[T]he debtor shall be discharged from a debt of a kind specified in

2

paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge. . . .").

However, the Code provides that bankruptcy courts do not have exclusive jurisdiction to determine the dischargeability of *unscheduled*, intentional tort debts described in § 523(a)(3)(B). *See id.* ("Except as provided in subsection (a)(3)(B) of this section. . . ."); *see also In re Strano*, 248 B.R. 493, 501 (Bankr. D. N.J. 2000) ("Section 523(c)(1), which confers exclusive jurisdiction on the bankruptcy court to determine dischargeability of intentional tort debts, contains an exception: unscheduled, intentional tort debts."). Rather, this Court has concurrent jurisdiction to decide issues of dischargeability under § 523(a)(3)(b). *See Casey v. Mohamed*, 323 B.R. 834, 837-38 (S.D.N.Y. 2005) ("This Court has concurrent jurisdiction with the Bankruptcy Court to determine whether [Plaintiff's] claim survives [Defendant's] bankruptcy discharge under Section 523(a)(3)(B)."); *see also In re Candidus*, 372 B.R. 112, 118 (Bankr. E.D.N.Y. 2005) ("[I]f the creditor pursues a lawsuit on [an unscheduled, intentional tort] claim [post-discharge] . . . the court with jurisdiction over the lawsuit can decide whether the debt falls within any of the exceptions to discharge.").

Section 523(a)(3)(B) states that unscheduled, intentional tort debts "of a kind specified in" §§ 523(a)(2)(A) and (a)(6) are not discharged by a bankruptcy if the

3

debtor's failure to list them precluded "timely filing of a proof of claim and timely request for a determination of dischargeability of such debt[s] . . . unless [a] creditor had notice or actual knowledge of the case in time for such timely filing and request." 11 U.S.C. § 523(a)(3)(B). In this case, McKimm failed to include Chapin's intentional tort claims – which are clearly "of a kind specified in" §§ 523(a)(2)(A) and (a)(6) – on her schedule of debts. Moreover, Chapin did not have actual knowledge or notice of McKimm's bankruptcy in time to intercede in her case. Accordingly, Chapin's intentional tort claims survived McKimm's bankruptcy discharge. *See Lama v. Malik*, No. 13-CV-2846, 2014 WL 5590785, at *9 (E.D.N.Y. Nov. 3, 2014) (denying a defendant's motion to dismiss intentional tort claims on the basis of his bankruptcy discharge where the plaintiff "was not on the schedule of debts" and "had no actual or notice or knowledge of the case").

## III.

For the foregoing reasons, McKimm's motion is granted as to the breach of contract claim and denied as to the intentional tort claims.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 17, 2015